The Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> LOUIS ONG, <br><br> Defendant. | No. CR17-191-RSL <br><br> **MOTION FOR ENTRY OF A PROTECTIVE ORDER RESTRAINING CERTAIN FORFEITABLE PROPERTY** <br><br> NOTE ON MOTION CALENDAR: <br><br> December 1, 2017 |

## I.   RELIEF REQUESTED

The United States, by and through its undersigned counsel, moves pursuant to 21 U.S.C. § 853(e) for entry of a protective order that would allow it to maintain custody of the following property, seized from the Defendant Louis Ong, pending resolution of this case:

1. $12,580 in U.S. Currency seized on April 11, 2017;
2. $200,000 in U.S. Currency seized on July 21, 2017; and,
3. $11,970 in U.S. Currency seized on July 27, 2017.

Motion for Entry of a Protective Order - 1
*U.S. v. Louis Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

As detailed below, this property (hereafter "this Currency") is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) (property that constitutes proceeds of, and/or property that is involved in, money laundering and/or unlicensed money transmitting). It should, therefore, remain available for forfeiture to the United States until this case is resolved.

## II. RELEVANT PROCEDURAL FACTS

This Currency was seized during execution, in April and July 2017, of three different warrants that issued in this District. *See* Affidavit of Homeland Security Investigations (HSI) Special Agent Judson Scott in Support of the United States' Motion for Entry of a Protective Order, attached as Ex. A, ¶¶ 3 – 6. Those warrants issued on probable cause the searches would yield evidence of the Defendant's unlicensed money transmitting and money laundering activities, in violation of federal law. *See* Ex. A, ¶¶ 3 – 6. The $12,580 was contained in a Priority Express Mail parcel the Defendant mailed in Bellingham, Washington on March 1, 2017, and it was seized by the United States Postal Inspection Service (USPIS). *See* Ex. A, ¶¶ 4, 14 – 19. The $200,000 was in the Defendant's possession at the time of his arrest on July 21, 2017, and it was seized by HSI. *See* Ex. A, ¶¶ 5, 20 – 24. The $11,970 was found in the rental truck the Defendant was driving at the time he was arrested, and it was also seized by HSI. *See* Ex. A, ¶¶ 6, 25 – 28.

On August 16, 2017, not long after these warrants were executed, a grand jury indicted the Defendant in this case on five counts of Money Laundering and one count of Operating an Unlicensed Money Transmission Business. *See* Ex. A, ¶ 7 and Dkt. No. 16. The Indictment contains a forfeiture allegation giving notice the United States intends to seek the forfeiture of any property that constitutes proceeds of, or is involved in, the offenses. *See id.* The allegation specifically identifies the $12,580 and $11,970 for forfeiture. *See id.* In a Forfeiture Bill of Particulars filed on November 17, 2017, the

Motion for Entry of a Protective Order - 2
*U.S. v. Louis Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States gave notice is also intends to forfeit the $200,000. *See* <u>Ex. A</u>, ¶ 7 and Dkt. No. 30.

USPIS initiated administrative forfeiture proceedings against the $12,580, and the Defendant has made an administrative claim to it. *See* <u>Ex. A</u>, ¶ 8. United States Custom and Border Protection (CBP) initiated administrative forfeiture proceedings against the $200,000 and the $11,970, and the Defendant has made an administrative claim to these amounts as well. *See* <u>Ex. A</u>, ¶ 9. Now, therefore, the United States is required either to file a civil judicial forfeiture action against the Currency or to pursue its forfeiture in this criminal case and take steps to maintain custody of it. *See* 18 U.S.C. § 983(a)(3). As indicated by this Currency's inclusion in the Indictment and/or Forfeiture Bill of Particulars, the United States seeks to forfeit it criminally and now requests its continued restraint for that purpose. *See* <u>Ex. A</u>, ¶ 7 and Dkt. Nos. 16 & 30. Currently, the $12,580 is in the custody of the United States Marshals Service, and the $200,000 and $11,970 are in the custody of CBP. *See* <u>Ex. A</u>, ¶¶ 8 – 9.

### III.  GOVERNING LAW AND ARGUMENT

The United States requests the Court issue a protective order pursuant to 21 U.S.C. § 853(e)(1)(A) restraining this Currency for the duration of this case. Section 853(e)(1)(A) authorizes the Court to enter orders or to fashion other remedies to preserve the availability of property subject to criminal forfeiture. *See United States v. Monsanto*, 491 U.S. 600, 612 (1989) ("Under § 853(e)(1), the trial court 'may' enter a restraining order if the United States requests it[.]"). Where there is probable cause to believe the relevant property is forfeitable, the United States is typically allowed to restrain it. *See United States v. Kaley*, ___ U.S. ___, 134 S. Ct. 1090, 1095 (2014) ("pre-trial asset restraint [is] constitutionally permissible whenever there is probable cause to believe that the property is forfeitable"); *see also Monsanto*, 491 U.S. at 615-16 (recognizing Section 853(e)(1) allows for the pretrial restraint of assets where there is probable cause to believe they are forfeitable, stating "[i]ndeed, it would be odd to conclude that the

Motion for Entry of a Protective Order - 3
*U.S. v. Louis Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Government may not restrain property … based on a finding of probable cause when we have held that … the Government may restrain *persons* where there is a finding of probable cause") (emphasis in the original).

    Here, this Currency has already been identified for forfeiture in the Indictment and/or the Forfeiture Bill of Particulars. *See* Dkt. Nos. 16 & 30. The facts reflecting this Currency's involvement in the Defendant's money laundering and unlicensed money transmitting activities – i.e., stating probable cause for its forfeitability – are detailed in the attached affidavit of HSI Special Agent Judson Scott. *See* Ex. A, ¶¶ 11 – 28. Those facts include, but are not limited to: the Defendant's participation in seven different transactions with law enforcement in which he exchanged cash for Bitcoin, including three transactions in which the undercover agent posed as a drug trafficker and represented the funds involved in the transaction were the proceeds of the sale of illegal narcotics; the fact that most of the currency contained in the Priority Express Mail parcel ($12,400 of the $12,580) appears to be comprised of bills the undercover agent gave to the Defendant in a cash-for-Bitcoin exchange on March 1, 2017; the $200,000 seized from the Defendant at the time of his arrest is the currency the undercover agent had just given to the Defendant in a cash-for-Bitcoin exchange; and, the $11,970 seized from the Defendant's rental truck appears to be comprised, at least in part, of currency he smuggled across the border in his engine block in order to facilitate his money exchanging and/or laundering activities here in the United States.

    Based on these and the other facts detailed in Special Agent Scott's affidavit, the United States contends there is probable cause to believe this Currency is subject to forfeiture. To preserve its availability for criminal forfeiture, the United States respectfully requests the Court enter a protective order permitting its continued restraint through the conclusion of this case.

///

Motion for Entry of a Protective Order - 4
*U.S. v. Louis Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | |
|---|---|
| 1 | DATED this 22nd day of November, 2017. |
| 2 | Respectfully submitted, |
| 3 | ANNETTE L. HAYES |
| 4 | United States Attorney |

*/s/ Michelle Jensen*
_____
MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101-1271
(206) 553-2242
Michelle.Jensen@usdoj.gov

Motion for Entry of a Protective Order - 5
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**CERTIFICATE OF SERVICE**

I hereby certify that on November 22, 2017, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF system, which automatically serves the parties of record.

MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Motion for Entry of a Protective Order - 6
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970