# EXHIBIT A

# AFFIDAVIT

STATE OF WASHINGTON   )
                      )  ss
COUNTY OF KING        )

I, Judson Scott, a Special Agent with Homeland Security Investigations in Seattle, Washington, having been duly sworn, state as follows:

## I.   AFFIANT TRAINING AND EXPERIENCE

1. I have been employed as a Homeland Security Investigations (HSI) Special Agent since August 2008. I am currently assigned to a Border Enforcement Security Taskforce within the Seattle office of HSI. During my employment with HSI, I have investigated various federal criminal violations, to include Money Laundering, Controlled Substances, Intellectual Property Rights, Child Exploitation, Immigration, and Smuggling. I have attended the HSI Special Agent Academy, and received training in all of these investigative areas. I have also received additional training in Virtual Currency Investigations and Financial Investigations. I have participated in numerous financial investigations, including criminal violations of federal Money Laundering and Bank Secrecy Act Statutes, during the course of which I have participated in physical surveillance, undercover operations, and the execution of search warrants.

2. Because of this experience and training, I am familiar with common methods of investigating financial crimes and the use of virtual currencies, and have become familiar with the methods of operation of money launderers using virtual currencies to transmit money and disguise the source of the proceeds, including, but not limited to: their methods of using Bitcoin, Bitcoin apps, Bitcoin wallets, and Bitcoin tumbler services.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 1
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. PURPOSE OF AFFIDAVIT AND PROPERTY TO BE RESTRAINED

3. I make this affidavit in support of a motion for entry of a protective order that would allow the United States to maintain custody of the following property pending resolution of this criminal case, *United States v. Louis Ong,* Western District of Washington (WDWA) Cause No. CR17-191:

    A.    $12,580 in U.S. Currency seized on April 11, 2017;

    B.    $200,000 in U.S. Currency seized on July 21, 2017; and,

    C.    $11,970 in U.S. Currency seized on July 27, 2017.

Each of these sums of currency was seized during execution of a federal search and/or search and seizure warrant, as described in the paragraphs that follow.

4. The $12,580 was contained in U.S. Priority Express Mail parcel no. EL513437218US, which the Defendant Louis Ong (the Defendant) mailed at the Mount Baker Post Office in Bellingham, WA on March 1, 2017. The parcel was searched pursuant to a warrant issued on March 31, 2017 in WDWA Cause No. MJ17-123 on probable cause the parcel would contain evidence, fruits, and/or instrumentalities of money laundering and/or unlicensed money transmitting violations.

5. The $200,000 was in the Defendant's possession (in his backpack) when he was arrested at the Northgate Mall Red Robin on July 21, 2017. The Defendant was searched and seized pursuant to a warrant issued on July 20, 2017 in WDWA Cause No. MJ17-302-1 on probable cause search of the Defendant would yield evidence and/or fruits of money laundering and/or unlicensed money transmitting violations.

6. The $11,970 was found in the rental truck the Defendant was driving at the time he was arrested. The truck was searched pursuant to a search and seizure warrant issued on July 27, 2017 in WDWA Cause No. MJ17-315 on probable cause it would contain evidence and/or fruits of money laundering and/or unlicensed money transmitting violations.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 2
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7.  Not long after these warrants were executed, on August 16, 2017, the Defendant was indicted, in this case, on five counts of money laundering and one count of operating an unlicensed money transmission business (Dkt. No. 16). The indictment contains a forfeiture allegation giving notice the United States intends to seek the forfeiture of any property that constitutes proceeds of, or is involved in, the offenses (*Id.*). The allegation specifically identifies, for forfeiture, the currency seized from Priority Express Mail parcel no. EL513437218US and the currency seized from the Defendant's rental truck (*Id.*). On November 17, 2017, the United States filed a Forfeiture Bill of Particulars giving notice it also intends to forfeit the $200,000 that was in the Defendant's possession at the time he was arrested (Dkt. No. 30).

8.  After seizing the $12,580 contained in the Priority Express Mail parcel, the United States Postal Inspection Service initiated administrative forfeiture proceedings against it pursuant to 18 U.S.C. § 983 (governing nonjudicial forfeiture). The Defendant has made an administrative claim to it. The currency has been transferred to, and remains in, the custody of the United States Marshals Service.

9.  After HSI seized the $200,000 in the Defendant's possession at the time he was arrested and the $11,970 that was found in his rental truck, United States Customs and Border Protection (CBP) took custody of it and initiated administrative forfeiture proceedings pursuant to 18 U.S.C. § 983. The Defendant has also made administrative claims to these sums of currency. They remain in the custody of CBP.

10. The facts in this affidavit are drawn from my personal observations based on my involvement in the underlying investigation, my training and experience, and information I have obtained from other federal law enforcement officers. I have not included every fact related to the underlying investigation. Rather, I have included just those facts relevant to the United States' motion for entry of a protective order restraining this currency. A more complete description of the underlying investigation is contained in the affidavit submitted by U.S. Postal Inspector Brett Willyerd in support of the

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 3
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Complaint filed in this case (Dkt. No. 1), as well as the affidavits submitted in support of the applications for:

    A.    the search warrant issued in WDWA Cause No. MJ17-123 for U.S. Priority Express Mail parcel no. EL513437218US;

    B.    the search and seizure warrant issued in WDWA Cause No. MJ17-302-1 for the Defendant himself;

    C.    the search and seizure warrant issued in MJ17-302-2 for one Apple iPhone;

    D.    the search and seizure warrant issued in MJ17-302-3 for one blue BMW 325i;

    E.    the search and seizure warrant issued in MJ17-302-4 for Wells Fargo safe deposit box #294;

    F.    the search and seizure warrant issued in MJ17-302-5 for Umpqua safe deposit box #417;

    G.    the search and seizure warrant issued in MJ17-302-6 for Banner Bank safe deposit box #70;

    H.    the search and seizure warrant issued in MJ17-302-7 for Bank of America safe deposit box #1-078;

    I.    the seizure warrants issued in MC17-077 for all U.S. currency contained in Wells Fargo safe deposit box #294 and all Bitcoin accessible via the Defendant's Copay, Green Address, and Mycelium Bitcoin wallets;

    J.    the search and seizure warrant issued in MJ17-315 for one white Ford F-150 truck; and,

    K.    the seizure warrant issued in MS17-079 for all Bitcoin accessible via the Defendant's Breadwallet Bitcoin wallet.

///

Affidavit of HSI Special Agent Judson Scott in Support of the United States' Motion for Entry of a Protective Order - 4
*U.S. v. Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### III.   SUMMARY OF PROBABLE CAUSE

11. The underlying investigation focuses on the financial activities of the Defendant and, specifically, his activities as an unlicensed money transmitter specializing in the exchange of cash for Bitcoin and vice versa. The investigation has been jointly conducted by HSI and the United States Postal Inspection Services, with support from the Internal Revenue Service, U.S. Customs and Border Protection, and the Seattle Police Department.

12. From December 15, 2016 through July 21, 2017, HSI undercover agents (UCAs) conducted seven separate transactions with the Defendant in which he provided the UCA with bitcoin in exchange for U.S. currency. Six of these exchanges occurred face-to-face, while one of the transactions was conducted via the U.S. Mail. All of these transactions were anonymous; i.e., the Defendant did not require any identification from the relevant UCA before conducting the transaction. In three of these transactions, the UCA posed as a drug trafficker and represented the funds involved in the transaction were the proceeds of the sale of illegal narcotics.

13. The paragraphs that follow describe the seizure of each of the sums of currency the United States seeks to restrain and their involvement in the Defendant's money laundering and unlicensed money transmitting activities.

**The $12,580 Seized From Priority Express Mail Parcel No. EL513437218US**

14. On March 1, 2017, a UCA met with the Defendant at a Denny's restaurant in Marysville, Washington in order to conduct a cash-for-Bitcoin exchange. (This is one of the seven UCA exchanges identified in Paragraph 12 above.) The UCA had arranged with the Defendant to exchange $20,000 in cash for Bitcoin. The Defendant had requested the cash be provided in new "blue" Benjamin 100-dollar bills. The $20,000 in cash the UCA brought to the exchange consisted entirely of new "blue" Benjamin 100-

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 5
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

dollar bills. The UCA provided that currency to the Defendant, the exchange was made, and the meeting concluded.

15. After the meeting concluded, HSI agents that were conducting surveillance followed the Defendant to the Mount Baker post office located in Bellingham, Washington. Those agents observed the Defendant enter the post office, pull a magazine from the trash, retrieve a USPS Priority Express Mail mailing envelope, and return to his car. 15 minutes later they observed him re-entering the post office with the Priority Express Mail envelope in his hand.

16. Inside the post office, a Postal Inspector observed the Defendant place the Priority Express Mail envelope into the mail. The Postal Inspector took possession of the envelope and noted it was Priority Express Mail parcel no. EL513437218US. The parcel was addressed from 701 Harrison Avenue, Unit 730, Blaine, Washington, and it was addressed to a post office box in Sayre, Pennsylvania. The Postal Inspector recognized the Blaine return address as the same address the Defendant had provided to the UCA in an earlier cash-for-Bitcoin exchange that had been conducted through the mail on or about February 23, 2017. (The February 23 exchange is one of the seven UCA exchanges identified in Paragraph 12 above.) It was the address to which the Defendant had instructed the UCA to send the cash involved in that exchange. A photograph of the mailing label is included below.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 6
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



17. The Postal Inspector detained the parcel for further investigation. Postal Inspectors subsequently applied for a search warrant to open it. That search warrant issued in WDWA Cause No. MJ17-123, and the parcel was opened and searched on April 11, 2017. Inside, law enforcement found a catalog, which is presumed to be the "magazine" the Defendant was observed pulling from the trash at the post office. Inside that catalog, law enforcement found another sealed mailing envelope. Photographs of the catalog and interior mailing envelope are included below.



Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 7
*U.S. v. Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





18.   Law enforcement opened the interior envelope and found stacks of currency. Law enforcement counted the currency, and it totaled $12,580. $12,400 of that currency was comprised of new "blue" Benjamin 100-dollar bills, which are presumed to be the bills the UCA gave the Defendant for the Bitcoin exchange that took place immediately before the Defendant mailed the parcel. $180 of that currency was comprised of 20-dollar bills. Photographs of the currency are included below.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 8
*U.S. v. Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



19. Law enforcement seized the currency for forfeiture.

**The $200,000 Seized From the Defendant at the Time of His Arrest**

20. On July 21, 2017, law enforcement conducted its last Bitcoin exchange with the Defendant, just prior to his arrest. (This is one of the seven UCA exchanges identified in Paragraph 12 above). The UCA arranged to meet the Defendant in front of the Red Robin at Northgate Mall in Seattle, Washington in order to make the exchange. The UCA had arranged with the Defendant to exchange $200,000 in cash for Bitcoin.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 9
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The UCA had previously told the Defendant that the currency she was exchanging represented proceeds from the illegal sale of narcotics. In related communications, law enforcement informed the Defendant the Bitcoin received in this exchange would be sent to Mexico to buy more supplies – i.e., drugs.

21. The Defendant entered the United States in the morning on July 21, 2017. HSI had the Defendant under continuous surveillance from the time he crossed the border into the United States. At the border, the Defendant was driving a blue BMW. He was sent to secondary inspection by U.S. Customs and Border Protection. While inspecting the Defendant's BMW, a CBP officer found a small camouflage bag hidden in the engine compartment. The CBP officer did not remove the bag, but did palpate it, and determined it likely contained currency.

22. After he was released from secondary inspection, the Defendant crossed into the United States. HSI followed him to an Umpqua bank in Blaine, Washington. The Defendant entered the bank and emerged a short time later. He then drove to the post office Blaine. He entered the post office and emerged a short time later. The Defendant then drove to Bellingham, Washington, where he stopped at an Enterprise Car Rental. There, he rented a white Ford F-150 truck. After renting the truck, HSI observed the Defendant transfer a number of items from his BMW to the rental truck. Among these items was the camouflage bag containing the suspected currency that had been hidden in the engine compartment.

23. The Defendant then drove the rental truck to a warehouse complex in Bellingham, where HSI observed him meeting with an unknown male. HSI was unable to determine whether the Defendant and this individual made any type of physical exchange during the meeting. After that meeting, the Defendant returned to the Enterprise Car Rental, where HSI observed him retrieving an electronic money counter from his BMW. The Defendant then left in the rental truck.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 10
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  24. The Defendant then drove to the meeting with the UCA at Northgate Mall. When he arrived, he parked, got into the UCA's vehicle, and sat in the passenger seat. The Defendant was carrying an empty backpack and a green fabric shopping bag that contained the money counter. The UCA gave the Defendant the $200,000 in cash, and he counted it using the money counter. After he finished counting it, he placed it inside brown plastic shopping bags and put it inside his backpack. After the Defendant had confirmed transfer of the Bitcoin to the Bitcoin wallet identified by the UCA, the Defendant was arrested by law enforcement. The $200,000 the UCA had tendered for the Bitcoin exchange was seized by law enforcement for forfeiture. Photographs of the Defendant's backpack and the currency inside of it are below.



Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 11
U.S. v. Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





### The $11,970 Seized From the Defendant's Rental Truck

25.     After the Defendant's arrest, the rented white Ford F-150 truck he drove to the exchange was taken into custody by law enforcement. Law enforcement applied for a warrant to search the truck. That warrant issued in WDWA Cause No. MJ17-315 on July 27, 2017, and law enforcement searched it the same day.

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 12
*U.S. v. Ong*, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

26. During the search, law enforcement found a Chase Bank envelope tucked behind the visor on the driver's side of the truck. That envelope contained $9,970 in cash, primarily in 100-dollar bills. Photographs of the envelope and the currency inside it are below.





27. During the search, law enforcement also found a wallet that contained the Defendant's British Columbia identification and a number of credit cards in his name.

Affidavit of HSI Special Agent Judson Scott in Support of the United States' Motion for Entry of a Protective Order - 13
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  That wallet also contained $2,000 in cash, primarily in 100-dollar bills. A photograph of
2  that wallet, identification, credit cards, and currency is below.



13. 28. Law enforcement seized the currency from the envelope and the wallet for
14 forfeiture.

//
//
//
//
//
//
//
//
//
//
//
//
//

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 14
*U.S. v. Ong,* CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## IV.   CONCLUSION

29. Based on these facts, as described above, I submit there is probable cause to believe these three sums of currency are forfeitable as property constituting the proceeds of, or involved in, the Defendant's money laundering and/or unlicensed money transmitting activities, as charged in the Indictment (Dkt. No. 16). This currency should, therefore, remain in the custody of the United States pending resolution of this criminal case.

_____
JUDSON SCOTT, Affiant
Special Agent, HSI

SUBSCRIBED and SWORN to before me on this ___22nd___ day of November, 2017, by HSI Special Agent JUDSON SCOTT.



_____
Print Name: __Jennifer P. Biretz__
Notary Public in and for the
State of Washington, __Seattle, King Co.__
Commission Expires: __7/4/19__

Affidavit of HSI Special Agent Judson Scott in Support of
the United States' Motion for Entry of a Protective Order - 15
U.S. v. Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970