UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS ONG,<br><br>Defendant. | No. CR17-191-RSL<br><br>[PROPOSED]<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Entry of a Preliminary Order of Forfeiture ("Motion") seeking to forfeit, to the United States, the Defendant Louis Ong's interest in the following property:

1. Approximately 24.3 Bitcoin seized from the Defendant's Mycelium Address wallet, on or about July 21, 2017;

2. Approximately 50.4210216 Bitcoin seized from the Defendant's Breadwallet wallet, on or about August 3, 2017;

3. Approximately 50.42 Bitcoin Cash seized from the Defendant's Breadwallet wallet on February 16, 2018;

Preliminary Order of Forfeiture - 1
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. $11,970 in U.S. currency seized from the Defendant's rental vehicle, *i.e*, a white 2017 Ford F-150 Super Crew Cab truck, on or about July 27, 2017;

5. $11,000 in U.S. currency seized from the Defendant's safe deposit box, *i.e.*, Box #294 located at Wells Fargo in Ferndale, Washington, on or about July 28, 2017;

6. $12,580 in U.S. currency seized from Express Mail parcel EL513437218US on or about April 11, 2017; and,

7. $200,000 in U.S. currency seized from the Defendant at the time of his arrest on July 21, 2017.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of a Preliminary Order of Forfeiture is appropriate because:

- The above-identified property is forfeitable pursuant to 18 U.S.C. § 982(a)(1) as it constitutes proceeds, and/or was involved in, the offense to which the Defendant has entered a guilty plea; namely, Operating an Unlicensed Money Transmission Business, in violation of 18 U.S.C. §§ 1960(a) & (b)(1)(A); and,

- Pursuant to the plea agreement he entered on February 15, 2018, the Defendant has agreed to forfeit the above-identified property pursuant to 18 U.S.C. § 982(a)(1) (Dkt. No. 36, ¶ 5).

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 18 U.S.C. § 982(a)(1) and his plea agreement, the Defendant's interest in the above-identified property is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced; it will be made part of the sentence; and, it will be included in the judgment;

Preliminary Order of Forfeiture - 2
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3) The United States, and/or its authorized agents or representatives, shall maintain this property in its custody and control until further order of this Court;

4) Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of this property as permitted by governing law. The notice shall be posted on an official government website – currently www.forfeiture.gov – for at least thirty (30) days. For any person known to have alleged an interest in this property, the United States shall, to the extent possible, also provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in this property must file a petition with the Court within 60 days of the first day of publication of the notice (which is 30 days from the last day of publication), or within 30 days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

    a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in this property;

    b. shall be signed by the petitioner under penalty of perjury; and,

    c. shall set forth the nature and extent of the petitioner's right, title or interest in this property, as well as any facts supporting the petitioner's claim and the specific relief sought.

5) If no third-party petition is filed within the allowable time period, the United States shall have clear title to this property, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6) If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

Preliminary Order of Forfeiture - 3
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

7) The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED.

DATED this _____ day of May, 2018.

_____
THE HON. ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ Michelle Jensen

MICHELLE JENSEN
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Michelle.Jensen@usdoj.gov

Preliminary Order of Forfeiture - 4
U.S. v. Louis Ong, CR17-191-RSL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970